**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGEY OKHVAT,

          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 09-70473

Agency No. A099-763-926

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

    Sergey Okhvat, a native of the former Soviet Union and citizen of Russia,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum and withholding of removal. Our jurisdiction is governed

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

The BIA determined that Okhvat failed to meet his burden of proof for asylum and withholding of removal because he failed to provide sufficient evidence to corroborate his claim, namely the testimony or statement of a doctor in the United States whose correspondence with Okhvat is at the heart of Okhvat's claim of persecution. The BIA rejected Okhvat's explanation for his failure to provide the corroborating evidence. In his opening brief, Okhvat does not raise any challenge to the BIA's conclusions. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not addressed in the argument portion of a brief are deemed waived). Accordingly, we deny the petition for review as to Okhvat's asylum and withholding of removal claims.

To the extent Okhvat alleges that he was denied a fair hearing in violation of due process, we lack jurisdiction to consider his claim because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider newly-raised procedural due process claim not raised in appeal to the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

09-70473